**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 2:16-CV-00791 (VEB)

LAURA JANE JARVIS,

                    Plaintiff,          DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

## I. INTRODUCTION

In October of 2012, Plaintiff Laura Jane Jarvis applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorney, Jane W. Cervantes, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 11, 15, 17). On November 4, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 26).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on October 24, 2012. (T at 17).[1]   The application was denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On April 17, 2014, a hearing was held before ALJ Keith Dietterle. (T at 32). Plaintiff appeared with her attorney and testified. (T at 37-63).   The ALJ also received testimony from two medical experts, Dr. Richard Allen Hutson (T at 65-68) and Dr. David G. Jarman (T at 63-64), and Kristen Cicero, a vocational expert. (T at 68-71).

On October 6, 2014, the ALJ issued a written decision denying the application for benefits.  (T at 14-31).  The ALJ's decision became the Commissioner's final

---

[1] Citations to ("T") refer to the administrative record at Docket No. 24.

decision on December 14, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On February 4, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on June 22, 2016. (Docket No. 23). The parties filed a Joint Stipulation on June 28, 2016. (Docket No. 25).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A.     Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 16, 2012, the alleged onset date, and met the insured status requirements of the Social Security Act through June 30, 2016 (the "date last insured"). (T at 21).   The ALJ found that Plaintiff's degenerative disease of the lumbar spine, joint disease of the right shoulder, affective mood disorder, and anxiety disorder were "severe" impairments under the Act. (Tr. 19).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 20).

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b), with the following limitations: she cannot climb ladders, scaffolds or ropes; cannot lift with the right upper extremity above shoulder level; must avoid unprotected heights and dangerous or fast moving machinery; must avoid concentrated exposure to heat, cold, wetness, humidity, and vibrations; cannot work in a fast-past occupation; and is limited to occasional public contact. (T at 21-22).

The ALJ concluded that Plaintiff could not perform her past relevant work as a bus driver. (T at 25). Considering Plaintiff's age (50 years old on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 25).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between March 16, 2012 (the alleged onset date) and October 6, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 26). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

**D.     Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 25, at p. 10), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.   First, she challenges the ALJ's step five analysis.   Second, Plaintiff contends that the ALJ did not adequately assess her chronic headaches. Third, she argues that the ALJ erred in considering the medical opinion evidence. This Court will address each argument in turn.


# IV. ANALYSIS

**A.     Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a

hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

Here, the ALJ determined that Plaintiff's RFC precluded her from working with her right arm above shoulder level. (T at 21-25). At step five, the ALJ relied on the testimony of Kristen Cicero, a vocational expert, who opined that a person so limited could work as an inspector, packer, and bagger. (T at 25-26, 69-70).

Per the U.S. Department of Labor's *Dictionary of Occupational Titles* ("DOT"), each of those jobs may involve frequent reaching. *See* DOT §§ 529.687-114; 559.687-074; 921.687-018. "The Social Security Administration has taken administrative notice of the [DOT], which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." M*assachi v. Astrue*, 486 F.3d 1149, 1152 n. 8 (9th Cir. 2007)(citing 20 C.F.R. § 416.966(d)(1)).

ALJs rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). The DOT creates a presumption with respect to job classification requirements. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1998).

It is well-settled that the ALJ has a duty to inquire about "any possible conflict" between the vocational expert's testimony and the DOT. *See* SSR 00-4p;

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

1   *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).  If there is such a

2   conflict, the ALJ may accept the vocational expert's testimony only if there is

3   "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840,

4   846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.

5   1995)).

6          However, the ALJ's failure to inquire about potential conflicts may be

7   harmless if there is no actual conflict or if the vocational expert provides sufficient

8   support to justify any conflicts or variance from the DOT. *See Salcido v. Astrue*,

9   2012 U.S. Dist. LEXIS 82056, at *9 (C.D. Cal. June 13, 2012)(collecting cases).

10         In this case, Plaintiff argues that there was a conflict between the DOT and the

11   vocational expert's conclusion.  In particular, the vocational expert opined that a

12   hypothetical claimant unable to work with her right arm above shoulder level could

13   nevertheless perform the requirements of the inspector, packer, and bagger jobs.

14   However, those jobs, as defined by the DOT, may require frequent reaching.  The

15   ALJ did not ask the vocational expert about this and, as such, Plaintiff argues that a

16   remand is required.

17         However, while the ALJ should have inquired as to any conflict between the

18   vocational expert's testimony and the DOT, the error is harmless because there was

19   no conflict.  Numerous courts have concluded that a DOT description that a job

20

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

requires "frequent reaching" does not imply a requirement of frequent *bilateral* reaching.  *See Salcido*, 2012 U.S. Dist. LEXIS 82056, at *10 (collecting cases); *Gutierrez v. Astrue*, No. CV 10-9690-PJW, 2012 U.S. Dist. LEXIS 8779 (C.D. Cal. Jan. 24, 2012) ("[G]enerally speaking, the requirement that an employee frequently use his hands to perform a job does not mean that he has to be able to use both hands."); *McConnell v. Astrue*, No. EDCV 08-667-JC, 2010 U.S. Dist. LEXIS 46156 (C.D. Cal. May 10, 2010) (finding no conflict because DOT does not require use of both hands).

As such, because the ALJ here found limitation only with regard to lifting above the shoulder with the right upper extremity – with no limitation as to reaching with the left upper extremity (a finding Plaintiff does not challenge) – there was no conflict between the DOT and the vocational expert's testimony.  Accordingly, this Court finds no error as to this aspect of the ALJ's decision.

**B.    Severity of Headaches**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*,

12

885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28). The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situations." *Id.*

In this case, Plaintiff experiences painful headaches. She sought emergency treatment for her symptoms on May 23, 2012. (T at 468). The record documents consistent complaints and requests for relief from her headache pain. (T at 485, 497,

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

504, 514, 1267, 2115, 1457, 2078, 2088).  The ALJ found that several of Plaintiff's impairments were severe, but did not find that Plaintiff's headaches constituted a severe impairment.  Plaintiff argues that this was an error.

This Court finds no error with regard to the ALJ's decision.  No medical source opined that Plaintiff experienced work-related limitations as a result of her headaches.  Although the record documents her complaints, it also indicates that her symptoms improved with treatment. (T at 485, 490, 496, 498, 526, 527, 741, 863, 1083, 1267, 1287, 1311, 1312, 1345, 1482, 1485, 1489, 1574, 1676, 1678). Moreover, the step two analysis was resolved in Plaintiff's favor, *i.e.* the ALJ concluded that Plaintiff had severe impairments and proceeded with the sequential analysis. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  As such, even if the ALJ erred in not finding Plaintiff's headaches to be a severe impairment, any error in that regard was harmless because the ALJ considered these conditions when determining Plaintiff's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

## C.    Medical Source Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-:examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. Ariz. 2014)

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

On December 8, 2012, Dr. Jeffrey Alan Davis, Plaintiff's treating psychiatrist, completed a workers' compensation certificate in which he noted that Plaintiff was being seen for depression, had "uncontrolled symptoms" and "a lot of pain," and was going through a "stressful divorce." (T at 2114).   Dr. Davis indicated that Plaintiff's estimated work return date was January 2, 2013. (T at 2114).   He submitted another form on February 1, 2013, stating a diagnosis of major depression, recurrent, severe, and opining that Plaintiff could not return to work until March 6, 2013. (T at 2110).

On April 19, 2013, Dr. Davis stated that he believed Plaintiff "remains disabled and has been disabled for over a year …." (T at 1425).   He explained that he "support[ed] her claim for social security." (T at 1425).

The ALJ did not specifically discuss Dr. Davis's assessments.   Although this Court finds this to be a serious error, the circumstances presented here render the error harmless.   An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin*.,

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

Here, Dr. Davis's opinions were conclusory and lacked any supporting clinical findings.  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Moreover, a treating physician's conclusion that the claimant is "disabled" is not entitled to any "special significance" because that issue is reserved to the Commissioner.  *See* 20 C.F.R. §404.1527(d)(3), § 404.1527(d)(1); SSR 96-5p, *Ram v. Astrue*, 2012 U.S. Dist. LEXIS 183742 (C.D. Cal. Nov. 30, 2012) ("a treating physician's opinion regarding the ultimate issue of disability is not entitled to any special weight"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that treating physician's opinion is not binding on the ultimate determination of disability).

In addition, the ALJ's RFC determination was well-supported by the assessments of several mental health professionals.  Dr. Norman Aquilar, a psychiatrist, performed a consultative examination in May of 2013.  Dr. Aquilar diagnosed major depressive disorder, recurrent, moderate (T at 1507) and assigned a

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

Global Assessment of Functioning ("GAF") score[2] of 60-65 (T at 1508), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013).

Dr. Aquilar found no limitation as to Plaintiff's ability to follow oral and written instructions, follow detailed instructions, or interact with the public, co-workers, and supervisors. (T at 1508). He assessed no limitation as to attendance or compliance with job/safety rules. (T at 1508). He opined that Plaintiff was mildly limited with regard to responding to changes in a routine work setting and moderately limited with respect to responding to work pressure in usual work settings. (T at 1508).

In July of 2013, Dr. Sheri Simon, a non-examining State Agency review consultant, assessed moderate limitations with regard to Plaintiff's social functioning and ability to maintain concentration, persistence, or pace. (T at 82). Dr. Simon opined that Plaintiff was limited to unskilled work and simple, repetitive, routine tasks. (T at 89). In September of 2013, Dr. Sidney Gold, another State Agency review consultant, made similar findings. (T at 108).

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

Dr. David Jarman, a clinical psychologist, testified at the administrative hearing.  He opined that Plaintiff suffered from anxiety disorder and symptoms of depression. (T at 63).  Dr. Jarman opined that Plaintiff was moderately limited with regard to her social functioning, activities of daily living, and ability to maintain concentration, persistence, and pace. (T at 64).  He concluded that Plaintiff could not perform fast-paced work and should have only occasional contact with the public. (T at 64).

The ALJ translated these findings into the RFC determination, concluding that Plaintiff was precluded from working in a fast-paced occupation and was limited to occasional public contact. (T at 22).   The vocational expert testified that a hypothetical claimant with Plaintiff's RFC could perform the unskilled jobs of inspector, packager, and bagger. (T at 26).

"The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Davis's assessments, but it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.   If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, the ALJ's finding was supported by substantial evidence and should be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

1

2

3

**V. CONCLUSION**

4    After carefully reviewing the administrative record, this Court finds

5    substantial evidence supports the Commissioner's decision, including the objective

6    medical evidence and supported medical opinions. It is clear that the ALJ thoroughly

7    examined the record, afforded appropriate weight to the medical evidence, including

8    the assessments of the treating and examining medical providers and medical

9    experts, and afforded the subjective claims of symptoms and limitations an

10   appropriate weight when rendering a decision that Plaintiff is not disabled. This

11   Court finds no reversible error and because substantial evidence supports the

12   Commissioner's decision, the Commissioner is GRANTED summary judgment and

13   that Plaintiff's motion for judgment summary judgment is DENIED.

14

15   **VI. ORDERS**

16   IT IS THEREFORE ORDERED that:

17   Judgment be entered AFFIRMING the Commissioner's decision and

18   DISMISSING this action, and it is further ORDERED that

19

20

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB

1    The Clerk of the Court file this Decision and Order and serve copies upon

2    counsel for the parties.

3    DATED this 22nd day of December, 2016.

4

5                              /s/Victor E. Bianchini
                              VICTOR E. BIANCHINI
6                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – JARVIS v COLVIN 2:16-CV-00791-VEB